**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

IN RE:                                          )
                                                )
**EMS FINANCIAL SERVICES, LLC**      )        Case No.  8-12-71324-ast
                                                )        Chapter 7
Debtor.                                         )
_____)

**WHITE LINES COM, LLC'S MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**

Creditor, White Lines Com, LLC ("White Lines"), by and through its attorneys, Podoll &

Podoll, P.C., hereby submits its Motion for Relief from Automatic Stay in accordance with this

Court's January 4, 2013 Order in Adversary Proceeding No 12-8221 and pursuant to 11 U.S.C.

§ 362(d)(1) to continue litigation against Debtor EMS Financial Services, LLC ("EMS") and to

prosecute its claims against Escrow to Judgment or resolution in the New York Supreme Court, in

a case captioned *White Lines Com, LLC v. EMS Financial Services, LLC, et al.*, Case

No. 700872/2012, the Honorable Marguerite A. Grays ("New York Case").

**JURISDICTION AND VENUE**

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief

requested herein are Title 11, United States Code (the "Bankruptcy Code"), §§ 105 and 362.

2.        Venue of this case and the Motion is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

**BACKGROUND**

3.      White Lines brought suit against EMS in the New York Case in November, 2011,

to recover over $5,700,00.00 in principal, together with fees, that had been provided by White Lines

to be used to provide bridge financing for transactions involving the purchase and sale of telephone

minutes.

4.      EMS was to procure financial transactions, usually through a broker, where one

telecommunication company would purchase telephone minutes from another telecommunication

company.  It was the responsibility of Escrow to exercise due diligence in reviewing all aspects of

the transaction and to use monies tendered by White Lines to provide bridge financing for the

transaction.  The money was to be used only for transactions specifically authorized by White Lines.

5.      Between September of 2009 and November of 2011, White Lines transferred a total

of $5,788,700.00 to Escrow to be used solely for providing bridge financing for specific transactions

that White Lines had approved.

6.      Despite repeated demand by White Lines, EMS has failed and refused to

meaningfully account to White Lines for the use of its money, or to return White Lines' monies to

it.

7.      White Lines served a Summons and Complaint on Escrow.

8.      White Lines also timely notified EMS's insurance carrier, Federal Insurance

Company of the Chubb Group of Insurance Companies, ("Federal") that claims were being asserted

against their insured.

9.      Federal acknowledged that its duty to defend had been triggered, and retained counsel

on behalf of EMS, Barry Jacobs, Esq. of Abrams, Gorelick, Friedman & Jacobson, LLP, but EMS

nevertheless failed to timely respond to the Complaint.

10.      On January 18, 2012, White Lines filed its Motion for Default Judgment against EMS

and its wholly owned subsidiary, Escrow Management Services, LLC ("Escrow") in the New York

Case.

11.      EMS filed a Response to the Motion for Default and a Cross Motion seeking an Order

requiring White Lines to accept an Answer out of time.

12.      White Lines' Motion for Default Judgement was fully briefed and ripe for resolution

when EMS filed this bankruptcy case on March 6, 2012.

13.      On March 30, 2012, White Lines moved this court for an Order granting it relief from

the automatic stay to pursue a resolution of the Motion for Default Judgment in the New York Case.

[Docket No. 18.]

14.      On May 10, 2012, White Lines and the Trustee entered into a Stipulation made an

Order of this Court, granting White Lines limited relief from the stay in this bankruptcy proceeding

to pursue the resolution of the motion for default judgment filed against EMS in the New York Case

[Docket No. 41.]

15.      The court in the New York Case denied the motion for default judgment in the New

York Case. The New York Case was again stayed.

16.      On May 30, 2012, the Trustee commenced Adversary Proceeding No. 12-8221

("Adversary")  against White Lines, Bruce Pollack ("Pollack") and Federal.  [*See* Docket in case

no. 12-8221, Docket No. 1.]

17.     In the Complaint filed in the Adversary Proceeding, the Trustee alleged that in January 2011, Federal issued a $5 million errors and omissions policy (the "Policy"), under which EMS, Escrow, and their officers, directors and employees were insured for any loss resulting from a claim made or reported from December 27, 2010 to December 27, 2011 for wrongful acts committed by EMS, Escrow, or their agents in their performance of third party administrative and disbursement services.  (Complaint at ¶¶ 13-23.) [*See* Docket in case no. 12-8221, Docket No. 1.] The Policy contains a $5 million cap on any single claim and on all aggregate claims.  (Complaint at ¶ 16.)

18.     The Trustee sought a judgment (a) determining that the Policy covers White Lines' and Pollak's claims against EMS; (b) determining that White Lines' and Pollak's claims against the estate exceed the limits of liability under the Policy; (c) directing Federal to turn over to the Trustee the $5 million maximum limit of liability under the Policy for distribution to creditors; and (d) for the Trustee's attorney's fees and costs.

19.     On August 6, 2012, Federal filed a motion to dismiss the Adversary Proceeding. [*See* Docket in case no. 12-8221, Docket No. 15.]

20.     On January 4, 2013 this court denied Federal's motion to dismiss. [*See* Docket in case no. 12-8221, Docket No. 28.] The Court's January 4, 2013 Order is attached hereto as Exhibit A.

21.     In its Order denying Federal's motion to dismiss the Adversary Proceeding, the Court noted that both White Lines and Pollack had filed separate lawsuits against EMS and had specifically made claim for payment to upon EMS's insurance company Federal.

22.      The Court also noted that both White Lines and Pollack filed claims in the EMS

bankruptcy proceeding.  Those claims exceed the limits of the insurance policy issued by Federal.[1]

23.      In its Order denying Federal's motion to dismiss, this Court held: "[t]his Court finds

that White Lines and Pollack have filed lawsuits and proofs of claims seeking payment from EMS's

coverage under the Policy.  The ultimate issue of whether White Lines and Pollack are entitled to

be paid on those claims, and if so, by whom, is premature at this juncture, because the Underlying

Actions have not yet been resolved by their respective courts."

24.      This Court determined "the most efficient approach to resolving the disputes among

all parties is for this Court to abate this Adversary Proceeding pending adjudication or resolution

of the White Lines and Pollack Underlying Actions."

25.      Finally, this Court invited any party in interest, including White Lines, to file a

"proper Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d) to prosecute the

Underlying Actions against EMS and/or Escrow Management to judgment, but that enforcement of

any such judgment(s) must be brought to this Court. . ."

## ARGUMENT

26.      Bankruptcy Code § 362(d)(1) sets forth the grounds for relief from the stay.  It

provides that the court "shall" grant relief, for example, by terminating, annulling, modifying or

conditioning the stay "for cause, including the lack of adequate protection of an interest in property."

27.      "A party moving to lift the stay under *section 362(d)(1)* 'must initially produce

evidence establishing 'cause' for the relief he requests.'  Once the moving party establishes a *prima*

---

[1] White Lines also filed a claim which exceeded the Federal policy limits in the bankruptcy proceeding of Escrow's affiliate, Escrow Management Services, LLC, Bankruptcy Case No. 12-71323.

*facie* case for 'cause,' the burden shifts to the debtor to disprove its existence." *In Re Project Orange Assoc*., 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (citations omitted).

28.     "Neither *Section 362(d)(1)* nor the legislative history defines 'cause.' 'Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis.' Whether to lift the stay is in the bankruptcy court's discretion." *Id*. (Citations omitted.)

29.     "'It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere.'" *Id*. (Citations omitted.)

30.     This Court has already determined that cause exists to grant relief from stay to allow the New York case to proceed to judgment or resolution: "this Court finds that White Lines and Pollack have filed lawsuits and proofs of claims seeking payment from EMS's coverage under the Policy. The ultimate issue of whether White Lines and Pollack are entitled to be paid on those claims, and if so, by whom, is premature at this juncture, because the Underlying Actions have not yet been resolved by their respective courts. Further, it would be an inappropriate use of judicial resources for this Court to determine whether EMS undertook any actions or failed to undertake any actions that would render it liable to White Lines or Pollack, and if so in what amounts–those determinations will be made by the courts having jurisdiction over the Underlying Actions."

31.     White Lines respectfully requests that this Court enter an Order under 11 U.S.C.§ 362(d)(1) granting relief from the stay in this case and modifying it to permit White

Lines to continue litigating the New York Case to judgment or resolution[2] and providing that enforcement of any such judgment must be brought to this Court. (White Lines contemporaneously submits a proposed order with its filing.)

WHEREFORE, White Lines Com, LLC respectfully requests that this Court enter an Order under 11 U.S.C. § 362(d)(1) granting relief from the stay in this case and modifying it to permit White Lines Com, LLC  to continue litigating the New York Case to judgment or resolution and providing that enforcement of any such judgment must be brought to this Court.

DATED this 1st day of February, 2013.

*Respectfully submitted,*

PODOLL & PODOLL, P.C.

By:    *s/Richard B. Podoll*
       Richard B. Podoll
       Robert A. Kitsmiller
       **Admitted *Pro Hac Vice***

---

[2] As this Court indicated "resolution" means either: (1) entry of judgments that are appealable and enforceable through execution or other means of collection, regardless of whether any appeal has been taken or the time to appeal has run; or (2) settlements that have been executed by the appropriate parties and approved to the extent necessary.   As this Court also indicated, although it has not allowed White Lines or Pollak to seek to collect on any judgment against EMS, any judgment adverse to EMS will otherwise be considered a resolution.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2013, a true and correct copy of the foregoing **WHITE LINES COM, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY** was served on the following parties via ECF/PACER:

**Office of the United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, N.Y. 11722-4456

**Joseph S. Maniscalco, Esq.**
**Jacqulyn Somers Loftin, Esq.**
LaMonica Herbet Maniscalco
Counsel for Debtor
3305 Jerusalem Avenue
Westbury, N.Y.  11793-2028

**Steven B Sheinwald, Esq.**
**Stacy Spector, Esq.**
Kirschenbaum & Kirschenbaum
Counsel for Trustee
200 Garden City Plaza
Garden City, NY 11530-3302

**Joseph B Koczko, Esq.**
Thompson Hine LLP
Counsel for Geotel Communications
335 Madison Avenue
New York, NY 10017

**Brian C LeGrow, Esq.**
Office of Vincent B. Mancini & Associate
Counsel for Bruce Pollack
414 E Baltimore Pike
Media, PA 19063

**Courtney E Scott, Esq.**
Tressler LLP
Counsel for Federal Insurance Company
One Penn Plaza
Suite 4701
New York, NY 10119

By:    */s/ Dustin J. Priebe*
               Dustin J. Priebe