UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                    Case No.: 12-71324-ast
EMS FINANCIAL SERVICES, LLC,                        Chapter 7

                        Debtor.
-------------------------------------------------------------X

## ORDER MODIFYING AUTOMATIC STAY
## AS TO MOVANT WHITE LINES COM, LLC

Upon the Renewed Motion of White Lines COM, LLC for Relief From Automatic Stay to

Continue Litigation in The New York Supreme Court pursuant to 11 U.S.C. § 362(d)(1) (the

"Motion") [Docket No. 61], and the Motion having been served upon counsel for the debtor, EMS

Financial Services, LLC (the "Debtor"), counsel for the Office of the United States Trustee and all

parties who have requested notice pursuant to Bankruptcy Rule 2002 in accordance with Eastern

District of New York Bankruptcy Local Rule 2002-1(b), and a hearing have been held on the Motion

and Objections thereto on February 28, 2013, and after due deliberation and sufficient cause

appearing therefor

   **IT IS HEREBY ORDERED** that:

   1.      White Lines COM, LLC's Motion is granted;

   2.      The automatic stay imposed by 11 U.S.C, § 362 is hereby modified to permit Movant

White Lines COM, LLC to continue the lawsuit it initiated prior to the Debtor's bankruptcy filing

in the New York Supreme Court, in a case captioned *White Lines Com, LLC v. EMS Financial

Services, LLC, et al.*, Case No. 700872/2012, the Honorable Marguerite A. Grays ("New York

Case");

   3.      White Lines COM, LLC is entitled to continue litigating the New York Case to

judgment or resolution;

4.      "Resolution" in the New York case means either: (1) entry of judgments that are appealable and enforceable through execution or other means of collection, regardless of whether any appeal has been taken or the time to appeal has run; or (2) settlements that have been executed by the appropriate parties and approved to the extent necessary;

5.      Any judgment adverse to Debtor will otherwise be considered a resolution;

6.      White Lines may not enforce any judgment against Debtor or against property of Debtor's bankruptcy estate without first obtaining leave of this Court;

7.      At the time any such judgement or resolution is filed with this Court, White Lines shall also file an Amended Proof of Claim to the extent it prevails in the New York Case; and

8.      This Order is effective immediately, and the automatic 14-day stay of its enforcement pursuant to F.R.B.P. 4001(a)(3) is hereby waived.

**Dated: March 6, 2013**
      **Central Islip, New York**

                                                   **Alan S. Trust**
                                    **United States Bankruptcy Judge**